WILLIAM A. WOODS II, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 44554-85.        Filed July 25, 1988.

William A. Woods II, pro se.
*Peter R. Hochman,* for the respondent.

OPINION

CHABOT, *Judge:* This case was assigned to Special Trial Judge Pate pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180 and 181.[1] The Court agrees with and adopts her opinion which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PATE, *Special Trial Judge:* This case is before the Court on respondent's motion for judgment on the pleadings, pursuant to Rule 120(a). Petitioner filed an opposition thereto. Subsequently, this Court issued an order asking respondent to file a supplemental motion together with a memorandum of legal authorities addressing certain allegations made in the petition. Respondent filed such supplemental motion and petitioner filed an opposition thereto. At oral argument, respondent moved that this Court award damages to the United States under section 6673.

William A. Woods II (petitioner) was single during 1983, the year in issue. He did not file a Federal income tax return despite receiving $32,844 in wages and $53 in interest income during that year. On September 13, 1985, respondent determined a deficiency in petitioner's Federal income tax in the amount of $7,152 and additions to tax under section 6651(a)(1) of $834.75, section 6653(a)(1)[2] of

---

[1]Unless otherwise specified all section references are to the Internal Revenue Code of 1954 as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Redesignated as sec. 6653(a)(1)(A) by sec. 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2742.

$357.60, section 6653(a)(2)[3] of 50 percent of the interest due on the underpayment, and section 6661(a) of $715.20. Petitioner timely filed his petition[4] alleging that respondent erred in asserting all of the additions to tax,[5] and alternatively, that he had not been given credit for withholding taxes of $3,813.77[6] in the calculation of such additions.

### Deficiency in Income Tax

In the petition and the various objections filed thereafter, petitioner raised numerous "tax protester" type arguments. He maintains that his wages do not constitute gross income; that reporting and paying income taxes is strictly voluntary and, therefore, the filing of an income tax return was not required; that the 5th Amendment to the Constitution of the United States prevents respondent from requiring him to provide the information called for on an income tax return; that the 16th Amendment to the Constitution was not properly ratified; and, at least impliedly, that he was wrongfully denied a jury trial.

All of these arguments have been rejected repeatedly by the courts. There is no doubt that petitioner was required to file an income tax return for the year 1983 and that he was required to pay taxes on his wages and interest income. See secs. 1, 61, 6011, 6012(a)(1)(A), 7701(a)(1); sec. 1.6012-1, Income Tax Regs.; *Rowlee v. Commissioner*, 80 T.C. 1111, 1119-1123 (1983), and cases cited therein. Moreover, to invoke the 5th Amendment privilege, petitioner must be faced with substantial hazards of self-incrimination that are real and appreciable and must have reasonable cause to apprehend such danger. *McCoy v. Commissioner*, 696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). Petitioner has shown us no evidence even remotely indicating that petitioner was faced with such a hazard. See

---

[3]Redesignated as sec. 6653(a)(1)(B) by sec. 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2742.

[4]Petitioner was a resident of Bremerton, Washington, at the time he filed his petition.

[5]Petitioner also protested an addition to tax under sec. 6654. Although such addition apparently was proposed (as it is discussed in one of the schedules attached to the notice of deficiency) it does not appear on the face of the notice of deficiency and respondent has not mentioned it in his motion for judgment on the pleadings. Consequently, no addition to tax under sec. 6654 is at issue in this case.

[6]In his petition, petitioner alleged that $3,813.77 was withheld from his wages. This amount was not contested by respondent during the course of these proceedings.

*Steinbrecher v. Commissioner,* 712 F.2d 195, 197 (5th Cir. 1983), affg. a Memorandum Opinion of this Court.

Petitioner also contends that the 16th Amendment was not properly ratified. Every court that has considered this and related arguments has rejected it. *Knoblauch v. Commissioner,* 749 F.2d 200, 201-202 (5th Cir. 1984), cert. denied 474 U.S. 830 (1985) (and cases cited therein). Moreover, the Supreme Court first held the 16th Amendment constitutional more than 70 years ago in *Brushaber v. Union Pac. R.R. Co.,* 240 U.S. 1 (1916). Petitioner has not stated any reason why these cases should not be followed.

Petitioner complains further that he was wrongfully denied a jury trial. However, the 7th Amendment does not apply to suits against the United States because there was no common law action against the sovereign. *McElrath v. United States,* 102 U.S. 426, 440 (1880). It has repeatedly been held that there is no constitutional right to a jury trial in the Tax Court. *Phillips v. Commissioner,* 283 U.S. 589, 599 n. 9 (1931); *Lonsdale v. Commissioner,* 661 F.2d 71, 72 (5th Cir. 1981), affg. a Memorandum Opinion of this Court.

Since no other issues were raised by petitioner with regard to his income tax for 1983, and petitioner bears the burden of proving that respondent's determinations are incorrect, we find that petitioner is liable for the amount of income tax shown on the notice of deficiency. *Welch v. Helvering,* 290 U.S. 111 (1933); Rule 142(a).

*Section 6651*

We now turn our attention to the various additions to tax as determined by respondent. The first, section 6651(a)(1), imposes an addition to tax for failure to file a timely income tax return. It is uncontested that petitioner failed to file a Federal income tax return for the year in issue. Further, as we previously stated, requiring petitioner to report the requisite financial information on his income tax return does not violate petitioner's 5th Amendment privilege against self-incrimination. The computation of the addition to tax does take into consideration petitioner's withholding tax credits, as is required by section 6651(b)(1). See sec. 301.6651-1(d)(1), Proced. & Admin. Regs. Accordingly, we

find that petitioner is liable for the addition to tax under 6651(a)(1) as shown on the notice of deficiency.

## Section 6653

Petitioner also questions whether he is liable for the addition to tax under section 6653(a)(1) and (2) for negligence or intentional disregard of rules and regulations. Section 6653(a)(1) provides that, if any part of any underpayment is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Moreover, section 6653(c)(1) provides that the "underpayment" taken into account shall not be reduced by credits for withholding taxes. See sec. 6211(a) and (b)(1). Section 6653(a)(2) provides that there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that his underpayment was not due to negligence or intentional disregard of rules and regulations. Rule 142(a); *Bixby v. Commissioner*, 58 T.C. 757, 791-792 (1972). Since petitioner presented no objection to respondent's determination of negligence other than his time-worn tax protester arguments, we find that he is liable for the additions to tax under 6653(a)(1) and (2).

## Section 6661

Finally, we consider respondent's determination under section 6661.[7] In the notice of deficiency, respondent

---

[7]Sec. 6661 states in its entirety:

SEC. 6661. SUBSTANTIAL UNDERSTATEMENT OF LIABILITY.

(a) ADDITION TO TAX.—If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement.

(b) DEFINITION AND SPECIAL RULE.—

(1) SUBSTANTIAL UNDERSTATEMENT.—

(A) IN GENERAL.—For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of—

(i) 10 percent of the tax required to be shown on the return for the taxable year, or

(ii) $5,000.

determined that petitioner was liable for an addition under this section in the amount of $715.20, based on 10 percent of the total amount of the deficiency in income tax of $7,152. Respondent moved to increase the addition to tax under section 6661 from $715.20 to $1,788 in his supplemental motion for judgment on the pleadings, based on the Omnibus Budget Reconciliation Act of 1986 (hereinafter OBRA 86). OBRA 86, sec. 8002, Pub. L. 99-509, 100 Stat. 1874, 1951. Petitioner opposed this increase at the hearing of this case. Because respondent asserted his claim for the increased amount prior to the hearing, and the issue has been heard by the consent of the parties, we have jurisdiction to make a determination thereon. Sec. 6214(a); Rule 41(b)(1); *Pallottini v. Commissioner,* 90 T.C. 498 (1988).

Section 6661(a) originally provided for an addition to tax equal to 10 percent. In 1986, Congress passed two acts,

---

(B) SPECIAL RULE FOR CORPORATIONS.—In the case of a corporation other than an S corporation or a personal holding company (as defined in section 542), paragraph (1) shall be applied by substituting "$10,000" for "$5,000."

(2) UNDERSTATEMENT.—

(A) IN GENERAL.—For purposes of paragraph (1), the term "understatement" means the excess of—

(i) the amount of the tax required to be shown on the return for the taxable year, over

(ii) the amount of the tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).

(B) REDUCTION FOR UNDERSTATEMENT DUE TO POSITION OF TAXPAYER OR DISCLOSED ITEM.— The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to—

(i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or

(ii) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return.

(C) SPECIAL RULES IN CASES INVOLVING TAX SHELTERS.—

(i) IN GENERAL.—In the case of any item attributable to a tax shelter—

(I) subparagraph (B)(ii) shall not apply, and

(II) subparagraph (B)(i) shall not apply unless (in addition to meeting the requirements of such subparagraph) the taxpayer reasonably believed that the tax treatment of such item by the taxpayer was more likely than not the proper treatment.

(ii) TAX SHELTER —For purposes of clause (i), the term "tax shelter" means—

(I) a partnership or other entity,

(II) any investment plan or arrangement, or

(III) any other plan or arrangement,

if the principal purpose of such partnership, entity. plan, or arrangement is the avoidance or evasion of Federal income tax.

(3) COORDINATION WITH PENALTY IMPOSED BY SECTION 6659.—For purposes of determining the amount of the addition to tax assessed under subsection (a), there shall not be taken into account that portion of the substantial understatement on which a penalty is imposed under section 6659 (relating to additions to tax in the case of valuation overstatements).

(c) AUTHORITY TO WAIVE.—The Secretary may waive all or any part of the addition to tax provided by this section on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith.

each of which amended section 6661(a). One of the acts called for the increase to a 20-percent rate and the other (OBRA 86) called for an increase to a 25-percent rate. In a decision reviewed by this Court, we decided that OBRA 86 controlled and, therefore, that the correct rate was 25 percent. *Pallottini v. Commissioner, supra.* Accordingly, respondent was correct in asserting the 25-percent rate in this case.[8]

We now must decide whether respondent correctly computed the increased addition to tax by applying 25 percent to the entire deficiency of $7,152. He maintains that because petitioner did not file any return for 1983, the percentage is properly applied to the total amount of the income tax determined in the notice of deficiency. On the other hand, petitioner maintains that the percentage applies only to the difference between the deficiency and the amount of Federal taxes withheld from his wages.[9]

Section 6661(a) provides that:

If there is a substantial *understatement* of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any *underpayment* attributable to such *understatement.* [Emphasis added.]

Since the statute provides that the 25-percent rate shall be applied to "the amount of any underpayment," our determination turns on the meaning of the term "underpayment" in the context of section 6661.

To put our discussion into perspective, we must first consider the meaning of some of the other terms used in that section. The term "understatement" is expressly defined by section 6661(b)(2) as the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return.[10] Due to

---

[8]Petitioner argues that since he was assessed on Sept. 13, 1985, and the 25-percent rate is only applicable to sec. 6661 additions assessed after Oct. 13, 1986, it does not apply to him. However, assessment is not allowed until after our decision becomes final. Sec. 6213(a). Since the assessment of this addition to tax will necessarily occur after Oct. 13, 1986, we find that the increased rate is applicable.

[9]Respondent asserts that in *Du Bose v. Commissioner,* T.C. Memo. 1986-288, this Court already has found that the sec. 6661 addition to tax is to be applied to the total deficiency before applying credits for income tax withheld. We have carefully examined that opinion and fail to find any mention of withholding tax or prepayment credits.

[10]The various exceptions provided for in the balance of sec. 6661 are not applicable to this case.

the fact that petitioner failed to report any of his income, the entire amount of the tax required to be shown on the return is equal to the total deficiency of $7,152.[11] Further, since no return was filed by petitioner, the amount of tax which is shown on the return is considered to be zero. Sec. 1.6661-2(d)(2), Income Tax Regs. Therefore, the "understatement" is $7,152.[12]

The term "substantial understatement" is defined in section 6661(b)(1) as an "understatement" which exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. If a "substantial understatement" is present, it triggers the application of the addition to tax provided for in section 6661(a). We already have determined that the "understatement" is the entire amount of the tax deficiency in this case. Thus, the "understatement" is necessarily greater than 10 percent of the tax required to be shown. Further, the understatement of $7,152 is greater than $5,000. Therefore, the "understatement" of petitioner's tax is a "substantial understatement" as defined by section 6661(b)(1). Consequently, respondent correctly determined that the addition to tax under section 6661(a) applied in this case.

However, section 6661(a) states the amount of the addition to tax is equal to 25 percent of the "underpayment" attributable to the "understatement." Unlike the terms "understatement" or "substantial understatement," the term "underpayment" is not defined in section 6661. Respondent urges us to construe "underpayment" to be synonymous with "understatement." In fact, that is what the regulations attempt to do, inasmuch as section 1.6661-2(a), Income Tax Regs., states that:

---

[11]Petitioner argues that sec. 6661 should not be applied in his case since he did not file an income tax return and therefore, could not have had an "understatement" of tax. However, sec. 1.6661-2(d)(2), Income Tax Regs., provides that "if no return was filed for the taxable year * * * the amount of tax shown on the return is considered to be zero." This regulation is not plainly inconsistent with the statute, and petitioner has not presented any "weighty reasons" why we should invalidate it. Accordingly, his argument fails. *Fulman v. United States*, 434 U.S. 528, 533 (1978), and cases cited therein. See also *Allen v. Commissioner*, T.C. Memo. 1987-242, where we previously found this section applicable where no income tax return was filed.

[12]We note that the regulations rightfully disregard withheld taxes in determining "the amount of tax shown on the return" and "the amount of tax required to be shown on the return" in computing the "understatement." Sec. 1.6661-2(d)(5)(i), Income Tax Regs.

If there is a *substantial understatement* of income tax for a taxable year (as defined in paragraph (b) of this section), section 6661 imposes a penalty equal to [25] percent of the *understatement* of tax liability. [Emphasis added.]

In justifying his position, respondent first argues that we should use the definition of the term "underpayment" that is contained in section 6659(g)(1) because section 6661 is coordinated with section 6659.[13] The coordination of these two sections is provided for in section 6661(b)(3) which states:

(3) COORDINATION WITH PENALTY IMPOSED BY SECTION 6659.—For purposes of determining the amount of the addition to tax assessed under subsection (a), there shall not be taken into account that portion of the substantial understatement on which a penalty is imposed under section 6659 (relating to additions to tax in the case of valuation overstatements).

In turn, section 6659(g)(1) defines "underpayment" by reference to section 6653(c)(1).[14] Section 6653(c)(1) defines "underpayment" as a deficiency (as defined in section 6211), except that only the tax shown on a timely filed return is to be used to reduce the amount of the deficiency to arrive at the "underpayment" under section 6653. In other words, where no income tax return is filed, the term "underpayment" under section 6653(c)(1) is equal to the entire amount of the tax that should have been shown on the return if one had been filed.

There is no real merit to this argument. Upon close examination, we find that the reason section 6661 is coordinated with section 6659 is to eliminate the overlap which would result when an "underpayment" caused by a valuation overstatement covered in section 6659 was also a part of the "understatement" covered in section 6661. See sec. 6661(b)(3). Consequently, the reason for coordinating sections 6659 and 6661 is totally unrelated to the meaning of "underpayment" for purposes of section 6661.[15]

---

[13]Sec. 6659 provides for an addition to tax in the case of valuation overstatements.

[14]Sec. 6659(g)(1) reads:

(1) UNDERPAYMENT.—The term "underpayment" has the meaning given to such term by section 6653(c)(1).

[15]The term "underpayment" in sec. 6659 and the term "understatement" in sec. 6661 are parallel concepts (i.e. differences in tax resulting from adjustments made by the Internal

Generally, to glean the meaning of the words used by Congress in a statute, we first look to the ordinary or settled meaning of the words used to convey its intent. *Lynch v. Alworth-Stephens Co.*, 267 U.S. 364, 370 (1925); *Mountain Water Co. of La Crescenta v. Commissioner*, 35 T.C. 418, 424 (1960). In so doing, we find that "pay" means to satisfy a demand or obligation by "transfer of money" and the term "underpayment" means "insufficient payment."[16] As applied to this case, petitioner made *payment* of his *money* to the United States to satisfy his tax liability through payroll deductions. Petitioner's "underpayment" occurred only because he *paid* less than he was supposed to pay; that is, his *payment was insufficient.*[17] Petitioner's "underpayment" was not caused by his failure to *report* his income on an income tax return as respondent would have us hold, but rather by his failure to *pay* all of the tax that he owed. A reporting error is taken into account only in computing the "understatement" under section 6661. Therefore, the plain reading of the statute clearly means that the 25-percent rate is applied only to the unpaid amount rather than to the entire understatement.[18]

Congress modified the ordinary and regular meaning of the term "underpayment" for purposes of sections 6653 and 6659 by including specific definitional sections. Secs. 6653(c)(1) and 6659(g)(1). These definitional sections were needed because credits for taxes withheld and otherwise paid were not to be taken into account in making computations under those sections. Since there is no such modifica-

---

Revenue Service). This is all the more reason that "underpayment" in sec. 6659 cannot be equated with "underpayment" in sec. 6661.

[16]Webster's Third New World International Dictionary (1981). In determining the ordinary usage of words, it is appropriate to consult dictionaries. *National Muffler Dealers Association, Inc. v. United States*, 440 U.S. 472, 480 n. 10 (1979).

[17]This interpretation of "underpayment" conforms to the meaning given that term in secs. 6654, 6655, and 6656. See secs. 6654(b), 6655(b), and 6656(a).

[18]Wage earners who file proper W-4 Forms frequently overpay their tax by their withholding, yet many fail to file income tax returns to claim rightful refunds. See Hearings on S. 2198 before the Subcomm. on Oversight of the Internal Revenue Service of the Senate Comm. on Finance, 97th Cong., 2d Sess. 99 (1982). Respondent's interpretation would subject these wage earners to an addition to tax equal to 25 percent of their entire tax even though it all had been paid. We believe Congress did not intend this result when it enacted sec. 6661. See 111 Cong. Rec. S 8791, 8811 (1982) (Remarks by Senator Grassley, cosponsor of S. 2198 Taxpayer Compliance Improvement Act of 1982). See also the minimum addition for extended failure to file a return in sec. 6651(a) that was enacted concurrently with sec. 6661.

tion in section 6661, it follows that the term "underpayment" takes such credits into account.

Finally, we observe that, if we would construe the terms "understatement" and "underpayment" as basically synonymous, the phrase "of the amount of any underpayment attributable to" in section 6661(a) would be superfluous and totally without meaning or significance. Stated another way, using respondent's interpretation, the statute could merely read "an amount equal to 25 percent of such understatement." In fact, this abbreviated version is essentially what the regulations say in section 1.6661-2(a), Income Tax Regs.

However, it is a cardinal rule of statutory construction that "effect shall be given to every clause and part of statutes." *Ginsberg & Sons v. Popkin,* 285 U.S. 204, 208 (1932). See also *McDonald v. Thompson,* 305 U.S. 263, 266 (1938). Therefore, we find that giving "underpayment" its ordinary meaning in the context of section 6661 is proper, since this gives full effect to every clause and part of the statute and does not ignore the phrase "of the amount of any underpayment attributable to."[19]

To summarize, we do not accept respondent's position (or the regulation) because (1) it would render part of the statutory language of section 6661 superfluous, (2) it ignores the limiting language of the definition of "underpayment" in sections 6653(c)(1) and 6659(g)(1), and (3) it conflicts with the ordinary and settled meaning of "under-

---

[19]Where, as here, a statute is clear on its face, we require unequivocal evidence of legislative purpose before construing the statute so as to override the plain meaning of the words used therein. *Hirasuana v. Commissioner,* 89 T.C. 1216 (1987); *Huntsberry v. Commissioner,* 83 T.C. 742, 747-748 (1984); see *Rubin v. United States,* 449 U.S. 424, 430 (1981); *TVA v. Hill,* 437 U.S. 153, 187 n. 33 (1978). Sec. 6661 was enacted on Sept. 3, 1982, as part of the Tax Equity and Fiscal Responsibility Act of 1982, sec. 323, Pub. L. 97-428, 96 Stat. 324, 613 (TEFRA). There is nothing in the legislative history of this bill to refute our definition of "underpayment."

Interestingly, on Mar. 11, 1982, a comparable provision was included in S. 2198 (Taxpayer Compliance Improvement Act of 1982), a bill introduced by Senator Dole, then chairman of the Senate Finance Committee. See 128 Cong. Rec. S 8793 and S 8810 (1982) (Senate floor debate of TEFRA, statements of Senators Dole and Grassley, respectively). Sec. 125 of this bill contained the forerunner of sec. 6661 which specifically defined "underpayment" by reference to sec. 6653(c). As reported by the Senate Finance Committee on July 12, 1982, sec. 6661 followed the structure of the S. 2198 provision, except that the reported bill did not include any definition of "underpayment." See generally, Joint Committee on Taxation, 97th Cong., 2d Sess. 217, General Explanation of the Tax Equity and Fiscal Responsibility Act of 1982 (the Bluebook); S. Rept. 97-494 to accompany S. 2198, 97th Cong., 2d Sess. (Vol. 1), at 272-274 (1982). If anything, the deletion of this definitional provision highlights the invalidity of respondent's argument.

payment" (i.e., the amount by which the *payment* was insufficient). For these reasons, we hold that the amount of petitioner's withholding credits must be subtracted from the "understatement" to arrive at the "amount of any underpayment" for the calculation of the addition to tax under section 6661.

## Section 6673

We have held that petitioner's position on section 6661(a) has merit. Exercising our discretion, we deny respondent's motion for damages under section 6673.

## Conclusion

We are mindful of the fact that our holding invalidates a portion of the regulations under section 6661. Sec. 1.6661-2(a), Income Tax Regs. We arrived at such holding only after taking into account that regulations are to be accorded the highest standard of judicial deference. *Estate of Bullard v. Commissioner*, 87 T.C. 261, 281 (1986). If this regulation had constituted a reasonable interpretation of section 6661(a), we would have upheld it. *United States v. Cartwright*, 411 U.S. 546, 558 (1973); *Long v. United States*, 652 F.2d 675, 679 (6th Cir. 1981). But where, as here, all of the words of the statute are not given effect, and as a result the addition is substantially higher, the regulation must fail.

*Decision will be entered under Rule 155.*

Reviewed by the Court.

NIMS, PARKER, WHITAKER, KÖRNER, SHIELDS, HAMBLEN, CLAPP, SWIFT, JACOBS, WRIGHT, PARR, WELLS, and WHALEN, *JJ.*, agree with this opinion.

GERBER, WILLIAMS, and RUWE, *JJ.*, did not participate in the consideration of this case.