RALPH SEIBLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seibly v. Commissioner
Docket No. 30276-89
United States Tax Court
T.C. Memo 1991-125; 1991 Tax Ct. Memo LEXIS 143; 61 T.C.M. (CCH) 2201; T.C.M. (RIA) 91125; March 20, 1991, Filed *143 Decision will be entered for the respondent. George D. Humphreys, for the petitioner. William Reese, for the respondent. RUWE, Judge. RUWE
MEMORANDUM OPINION Respondent determined a deficiency in petitioner's 1983 Federal income tax and additions to tax as follows: Additions to Tax
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
$ 10,000
$ 1,736
$ 1,231
50 percent of
$ 2,500
the interest due
on $ 10,000
The issues for decision are: (1) Whether petitioner may claim a deduction for bad debts under section 166; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 1983 Federal income tax return; (3) whether petitioner is liable for an addition to tax under section 6653(a)(1) *144 and (2) for negligence or intentional disregard of the rules and regulations; and (4) whether petitioner is liable for an addition to tax under section 6661 for a substantial understatement of his Federal income tax. [2]
Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Bakersfield, California, at the time he filed his petition in this case. For purposes of convenience, we are combining our findings of fact and opinion for each issue. Petitioner bears the burden of proof on each of the issues for decision. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); *145 Rule 142(a). Issue 1. The Bad Debt Deduction
Petitioner deducted $ 180,000 for nonbusiness bad debts on schedule D of his 1983 Federal income tax return. The claimed bad debts consisted of $ 150,000 due from a Mr. Ruszker and $ 30,000 due from a Mr. Ashmore. Although not readily apparent from the record, respondent's pretrial memorandum explains that respondent disallowed $ 18,000 of the claimed $ 150,000 bad debt and all of the claimed $ 30,000 bad debt. The result of the bad debt disallowances was to increase taxable income by $ 19,200. [3] The petition claims error only with respect to the $ 30,000 disallowance. *146 Petitioner relies on two checks to substantiate the purported $ 30,000 loan. One check is dated March 20, 1979, payable to "U.L.C., Inc. Charter #125 Trust Acct & Lewis Ashmore, Carl Shriver, & Jennifer King," in the amount of $ 27,500. A second check dated February 23, 1979, is payable to "Louis Ashmore," in the amount of $ 2,500. Also in the record, is a document dated February 20, 1981, which contains the following language: This is a confirmation agreement of a prior understanding-- That Dr. Ralph Seibly has subscribed to 75 investment units in ULC #125 Documentary Film project "Modesto Messiah" and will be honored as per the Subscription Agreement given to all other subscribers and/or investors, to be distributed by Clifford Cox, CPA & Trustee of the project. This consideration is offered because of his original investment was of a high risk factor.
This document bears the purported signature of "Lewis L. Ashmore, individually" and is also signed on behalf of "Universal Life Church, Inc. #125, Lewis L. Ashmore, President." Neither petitioner nor Mr. Ashmore testified at trial. Section 166(d)(1) allows a taxpayer who is not a corporation to treat the *147 loss resulting from a nonbusiness debt which becomes worthless during the taxable year as a loss from the sale or exchange of a capital asset held for not more than one year. Section 166(d)(2) defines a nonbusiness bad debt as a debt other than a debt created or acquired in connection with a trade or business or a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business. In order for a taxpayer to treat a loss resulting from a nonbusiness debt as a capital loss, the taxpayer must demonstrate that a debtor-creditor relationship existed between the taxpayer and the debtor and that the debt became worthless in the year in which the taxpayer claims the capital loss treatment. Secs. 1.166-1(c) and 1.166-5(a)(2), Income Tax Regs.
Petitioner's accountant and return preparer was the only witness who testified at trial. He testified that the aforementioned documents were among the documents he reviewed in preparing petitioner's Federal income tax return. The accountant gave no testimony regarding the exact nature of the agreement between petitioner, Mr. Ashmore, and the Universal Life Church. He also had no direct knowledge of the financial circumstances *148 of Mr. Ashmore or Universal Life Church #125 or their ability in 1983 to repay the purported $ 30,000 loan. The evidence fails to satisfy petitioner's burden of proving that a debtor-creditor relationship existed and that the debt became worthless in the year in which the deduction was claimed. Accordingly, we hold for respondent on this issue. Issue 2. Addition to Tax for Failure to Timely File
Petitioner was granted an extension for filing his Federal income tax return until August 15, 1984. Petitioner filed his 1983 Federal income tax return with the Internal Revenue Service Center in Fresno, California. The return was signed by petitioner on October 15, 1984, mailed on October 16, 1984, and received by the service center on October 17, 1984. Thus, the return is treated as filed on October 17, 1984. Emmons v. Commissioner, 92 T.C. 342, 347 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Section 6651(a)(1) imposes an addition to tax upon a taxpayer who fails to file a timely return, unless the taxpayer shows that his failure to file was due to reasonable cause and not due to willful neglect. This is essentially a question of fact, and *149 the burden of proof is on petitioner. Horton v. Commissioner, 86 T.C. 589, 597 (1986); Rule 142(a). Petitioner did not appear at trial to explain his late filing, and has failed to meet his burden of proof. Issue 3. Addition to Tax for Negligence or Intentional Disregard of the Rules and Regulations
Section 6653(a)(1) imposes a 5-percent addition to tax if any part of any underpayment of tax is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) provides for a separate addition to tax equal to 50 percent of the interest payable under section 6601 on the portion of the underpayment attributable to the negligence or intentional disregard of the rules and regulations. Negligence within the meaning of section 6653(a) has been defined as the "failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner offered no evidence to indicate that he did not fail to do what a reasonable and ordinarily prudent person would do under the circumstances. On brief, petitioner does not argue that he was not negligent *150 and seemingly concedes this issue. Accordingly, we hold for respondent on this issue. Issue 4. Addition to Tax for Substantial Understatement of Income Tax Liability
Petitioner reported a tax liability of $ 13,039 on his 1983 Federal income tax return. Respondent determined a deficiency in the amount of $ 10,000 and an addition to tax under section 6661 in the amount of $ 2,500. Section 6661 imposes an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Pallottini v. Commissioner, 90 T.C. 498 (1988). [4] An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1). The amount of the understatement is equal to the excess of the amount of tax required to be shown on the return for the tax year less the amount of the tax shown on the return. Woods v. Commissioner, 91 T.C. 88, 94 (1988). *151 We have sustained the adjustments giving rise to respondent's deficiency determination and petitioner presented no evidence that any exceptions contained in section 6661 apply. Accordingly, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6661. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial, the parties seemed to also consider respondent's disallowance of a $ 2,000 depreciation deduction to be in issue. We note, however, that paragraph 4 of the petition concedes this adjustment and petitioner's brief concedes that no evidence was offered to meet petitioner's burden of proof that this disallowance was in error.↩
3. The connection between the total bad debt deductions which were disallowed ($ 48,000) and the resulting increase in taxable income is not explained in the record. However, the entire bad debt deduction claimed on the return was used to offset reported long-term capital gains, 40 percent of which was required to be included in taxable income. Disallowance of $ 48,000 of bad debt deductions would increase long-term capital gains by $ 48,000. Forty percent of $ 48,000 equals $ 19,200.↩
4. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986.↩