BETTY ANN FERGUSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferguson v. Commissioner
Docket No. 5680-89
United States Tax Court
T.C. Memo 1992-95; 1992 Tax Ct. Memo LEXIS 107; 63 T.C.M. (CCH) 2098; T.C.M. (RIA) 92095; February 18, 1992, Filed *107 Decision will be entered under Rule 155. Betty Ann Ferguson, pro se. Linda A. Neal, for respondent. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for 1981 through 1985 as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1981
$ 7,793
$ 1,512
$ 302
[1]
$ 430
1982
7,236
1,372
314
[1]
492
1983
5,277
582
211
[1]
98
1984
5,218
217
261
[1]
--
1985
1,403
198
70
[1]
--
Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After settlement of many issues, the one issue remaining for decision is whether petitioner is liable for negligence additions to tax under section 6653(a) *108 for 1981 through 1985. Some of the facts have been stipulated and are so found. Petitioner lived in Metairie, Louisiana, at the time her petition was filed. During 1981 through 1985, petitioner was employed by Ocean Drilling & Exploration Co. (ODECO). In 1981, petitioner filed with ODECO an Employee's Withholding Allowance Certificate (Form W-4) improperly claiming that she was exempt from Federal income tax withholding. Sometime in 1981, respondent determined that petitioner was not exempt from Federal income tax withholding and instructed ODECO to withhold tax from petitioner's income as if petitioner was a single taxpayer claiming one exemption and to continue withholding in the above manner until such time as petitioner filed with ODECO a proper Form W-4. In 1982 and 1983, petitioner again filed with ODECO Forms W-4 improperly claiming that she was exempt from Federal income tax withholding. Petitioner did not file with respondent Federal income tax returns for any of the years in issue. In challenging respondent's determination of the negligence additions to tax under section 6653(a), petitioner bears the burden of proof to show that she was not negligent in filing with *109 ODECO improper Forms W-4 in 1981, 1982, and 1983, and in failing to file Federal income tax returns for 1981 through 1985. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not challenge respondent's determination that petitioner is liable for the negligence additions to tax under any traditional legal theory. Instead, petitioner raises various tax protester-type arguments. For example, petitioner asserts that not filing Federal income tax returns for the years in issue was the only means to preserve her privilege against self-incrimination under the Fifth Amendment to the United States Constitution. As courts have stated numerous times, the Fifth Amendment privilege against self-incrimination does not justify a refusal to file Federal income tax returns. United States v. Sullivan, 274 U.S. 259, 263-264 (1927); United States v. Neff, 615 F.2d 1235, 1238-1239 (9th Cir. 1980); United States v. Johnson, 577 F.2d 1304, 1310 (5th Cir. 1978); Garner v. United States, 501 F.2d 228, 230 (9th Cir. 1974), affd. 424 U.S. 648 (1976). Instead, the *110 Fifth Amendment may be asserted only in response to specific questions asked on the returns. United States v. Johnson, supra; Garner v. United States, supra.
Also, in order to assert the Fifth Amendment, a witness must be faced with a substantial danger of self-incrimination that is real and appreciable, and the witness must have reasonable cause to apprehend such danger. Steinbrecher v. Commissioner, 712 F.2d 195, 197 (5th Cir. 1983); McCoy v. Commissioner, 696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Woods v. Commissioner, 91 T.C. 88, 90 (1988). Petitioner has not introduced any evidence that would even remotely support her assertion of the Fifth Amendment. Petitioner also contests her liability for the negligence additions to tax on the grounds that respondent's regulations and the instructions accompanying Forms 1040 do not comply with the requirements of the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. secs. 3501-3520 (1988). In general, the PRA requires the U.S. Office of Management and Budget (OMB) to approve information collection *111 requests made by certain Federal agencies and requires all such approved information collection requests to display current OMB control numbers. 44 U.S.C. sec. 3507(a), (f). If information requests fail to display the required OMB control numbers, "no person shall be subject to any penalty for failing to maintain or provide information to any agency * * *". 44 U.S.C. sec. 3512. A number of courts, including the Tax Court, recently have addressed petitioner's argument and have held that the PRA does not apply to either Federal income tax regulations or to the instructions accompanying Federal tax forms because such documents are not information requests; rather they are designed to assist taxpayers to complete tax forms and to more easily comply with information collection requests. United States v. Dawes,    F.2d    (10th Cir., Dec. 17, 1991); United States v. Hicks, 947 F.2d 1356 (9th Cir. 1991); United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991); United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990); Schott v. Commissioner, T.C. Memo. 1991-457. Petitioner has not introduced any evidence *112 to justify why she filed with ODECO in 1981, 1982, and 1983 improper Forms W-4, and why she failed to file Federal income tax returns for 1981 through 1985. We sustain respondent's determination with respect to the negligence additions to tax under section 6653(a). Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩