ROBERT A. AND BARBARA R. GEHLKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gehlke v. Commissioner
Docket No. 4780-91
United States Tax Court
T.C. Memo 1992-231; 1992 Tax Ct. Memo LEXIS 250; 63 T.C.M. (CCH) 2803; April 20, 1992, Filed *250 Decision will be entered for respondent. Robert A. Gehlke, pro se. Kenneth W. McWade, for respondent. NAMEROFF
NAMEROFF
NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180-182. Respondent determined an addition to tax under the provisions of section 6661(a) for the taxable year 1983 in the amount of $ 1,005.64. The validity of that determination is the sole issue before the Court. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein petitioners resided in Huntington Beach, California. Petitioners bear the burden of showing that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *251 On their Federal income tax return for the taxable year 1982, petitioners claimed a loss in the amount of $ 61,178 in connection with a partnership Newland Research Group (Newland). On March 17, 1987, a Notice of Final Partnership Administrative Adjustment (FPAA) was issued to Newland determining certain adjustments for the taxable year 1983. An ordinary loss claimed by Newland in the amount of $ 1,439,093 was disallowed on the grounds that: 1. It has not been established that the partnership is engaged in a trade or business or that the partnership engaged in the activity with the primary intent of making a profit. 2. It has not been established that the claimed deduction in the amount of $ 1,407,425 represents an expenditure for research and development actually undertaken. 3. It has not been established that the amounts proven to be expended, if any, for alleged research and development are currently deductible, and are not capital expenditures. 4. It has not been established that you had any amount at risk, as defined by section 465 of the Internal Revenue Code.
A petition was filed with this Court by the tax matters partner of Newland in response to the *252 FPAA at docket No. 11956-87. On February 5, 1990, a decision was entered in docket No. 11956-87 pursuant to Rule 248(b). Rule 248(b) requires the filing of a motion for entry of decision, and a copy of that motion was served on petitioners herein prior to the entry of decision. The decision of this Court in docket No. 11956-87 provided, inter alia, that the partnership item for ordinary loss was reported as $ 1,439,093 and determined to be $ 484,648. The parties have stipulated that in resolving the partnership case, the tax matters partner and respondent agreed that in the disposition of the partner cases, section 6661(a) additions to tax would be determined at 10 percent. (At the time of the mailing of the notice of deficiency herein, respondent was authorized under section 6661(a) to determine an addition to tax in the amount of 25 percent of any underpayment attributable to a substantial understatement.) Subsequent to the entry of the decision in docket No. 11956-87, respondent made computational adjustments with respect to petitioners' 1983 Federal income tax return for a deficiency of $ 10,056.44. Petitioner Robert A. Gehlke (hereinafter petitioner) contends that petitioner *253 should not be liable for the addition to tax under section 6661(a) on two grounds: (1) That the determination in the FPAA was erroneous; and (2) that respondent is estopped from determining the addition to tax because the subject was never discussed with petitioners during the pendency of the partnership proceeding. With regard to the first contention, it is clear that the method for disputing a determination set forth in the FPAA is to contest those determinations in a partnership proceeding brought by the Newland's tax matters partner or any notice partner or any 5-percent group. Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). After receiving a copy of the Rule 248(b) motion, petitioners had the opportunity to move to participate in the partnership proceeding and to present what evidence they could muster in support of their position. (We note at this point that petitioner stated that he was an active partner in Newland.) Petitioners did not avail themselves of the opportunity to participate in the partnership proceeding and that determination is now final. It can no longer be contested. Section 6661(a) provides for an addition to tax in an amount equal *254 to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Cloud v. Commissioner, 97 T.C. 613 (1991); Pallottini v. Commissioner, 90 T.C. 498 (1988). The amount of the understatement is equal to the excess of the amount of tax required to be shown on the return for the tax year less the amount of the tax shown on the return. Cloud v. Commissioner, supra; Woods v. Commissioner, 91 T.C. 88, 94 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return and $ 5,000. Sec. 6661(b)(1)(A). In this case, the understatement ($ 10,056.44) exceeded both 10 percent of the tax required to be shown on the return and $ 5,000. The understatement is reduced if it is based on substantial authority or is adequately disclosed on the return or in a statement attached to the return. Sec. 6661(b)(2)(B). There is no evidence that the understatement was based upon substantial authority. The only information regarding Newland on petitioners' 1983 return was the claiming of the loss from Newland, which *255 clearly is not adequate disclosure within the meaning of section 6661(b). Section 6661(c) provides: "(c) Authority to Waive. -- The Secretary may waive all or any part of the addition to tax provided by this section on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." Congress made respondent's waiver a discretionary act. We should give due deference to respondent's discretion. We have held, however, that this Court has the authority to review respondent's failure to grant a waiver pursuant to section 6661(c). Mailman v. Commissioner, 91 T.C. 1079, 1083 (1988). The appropriate standard of review is whether respondent has abused her discretion. No evidence was submitted to explain the basis for the settlement agreement entered into between respondent and Newland's tax matters partner. Petitioner stated his belief that the settlement was agreed to by the tax matters partner because it was too expensive to litigate. Accordingly, we are unable to conclude that there was reasonable cause for the understatement or that petitioners acted in good faith. [2]
*256 Petitioners seem to believe that respondent is somehow estopped from determining the addition to tax under section 6661(a). The standards required for this Court to apply the doctrine of equitable estoppel are as follows: (1) There must be a false representation or wrongful misleading silence; (2) the error must originate in a statement of fact, not in an opinion or a statement of law; (3) the one claiming the benefits of estoppel must not know the true facts and must reasonably rely on the false statement; and (4) that same person must be adversely affected by the acts or statements of the one against whom an estoppel is claimed. Kronish v. Commissioner, 90 T.C. 684, 695-697 (1988); Century Data Systems, Inc. v. Commissioner, 86 T.C. 157, 165 (1986) (quoting Lignos v. United States, 439 F.2d 1365, 1368 (2d Cir. 1971)). The doctrine of equitable estoppel is applied against respondent with the utmost caution and concern. Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987). In this case, application of the doctrine of equitable estoppel is not supported *257 by the record. Most notably, petitioners have not demonstrated the requisite false representation or wrongful misleading silence on the part of respondent. Respondent was under no obligation to contact the partners of Newland to advise them that she would be determining the section 6661(a) addition to tax. Even if respondent's silence in this matter could be construed to be wrongful, petitioners have not demonstrated any reliance upon such silence. Accordingly, we sustain respondent's imposition of the addition to tax under section 6661(a). Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Indeed, the parties' stipulation herein that respondent and the tax matters partner agreed (as to the individual partners) to a 10-percent addition to tax under sec. 6661(a) (in lieu of the potential 25 percent) suggests that the matter was fully discussed and considered by the parties to that action.↩