T.C. Memo. 2002-20

UNITED STATES TAX COURT

SARAH A. BLAND-BARCLAY AND FRANCIS BARCLAY, DECEASED, Petitioners
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1014-00.                    Filed January 22, 2002.

Sarah A. Bland-Barclay, pro se.

<u>Chang Ted Li</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax for the taxable
year 1996 in the amount of $9,356, and an accuracy-related
penalty in the amount of $1,854.  Unless otherwise indicated,
section references are to the Internal Revenue Code in effect for
the year in issue.

After a concession by petitioners,[1] the remaining issues in this case are: (1) Whether wage income received by petitioners in the amount of $87,118.92 in 1996, except for wages of $432.48 from Defense Finance and Accounting Service, an agency of the Federal Government, is nontaxable, thereby resulting in an overpayment of income tax for the taxable year; (2) whether petitioners are entitled to Schedule A, Itemized Deductions, in excess of the amounts which respondent allowed; (3) whether petitioners are entitled to various Schedule C, Profit and Loss From Business, deductions beyond that which respondent allowed; and (4) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, Sarah A. Bland-Barclay resided in Baltimore,

---

[1] Petitioners conceded in the Stipulation of Facts that petitioner Sarah A. Barclay received a Form W-2, Wage and Tax Statement for 1996, from Olsten Home Healthcare, Inc. (Olsten), reporting that she received $1,268.81 of wage income. We note that in the notice of deficiency respondent determined that petitioners failed to include wage income of $1,267. The record does not explain the $1.81 discrepancy between the amount on the Olsten Form W-2 and the notice of deficiency. We accept respondent's assertion that the amount in dispute is $1,267 as stipulated by petitioners and determined in the notice of deficiency.

Maryland.[2]  During the year in issue, Sarah A. Bland-Barclay (petitioner) and Francis Barclay (Mr. Barclay), were husband and wife.

During 1996, Mr. Barclay was a welder for the General Motors Corp. at its Truck & Bus Group assembly plant in Baltimore.  Also in 1996, petitioner began a career as a tax preparer at Jackson Hewitt Tax Service after completing a 6- to 8-week tax training program.  In further pursuit of her career, petitioner enrolled in a 2-year associate's degree program at Essex Community College, majoring in accounting.  Petitioner has not completed this program due to, in part, Mr. Barclay's death in 1998. Petitioner, in addition to her job as a tax preparer, had other part-time employment.

Petitioner and Mr. Barclay timely filed their joint 1996 Federal income tax return electronically, which was prepared by Barclay's Tax Service, a business operated by petitioner.  On June 24, 1998, during their examination of their 1996 income tax return, they submitted to respondent an amended 1996 Federal income tax return, Form 1040X, Amended U.S. Individual Tax Return, which had not been filed.

On their 1996 income tax return, petitioner and Mr. Barclay reported $86,282 of wages from the following sources:

_____

[2]   Francis Barclay died intestate in December 1998.  Petitioner Sarah A. Bland-Barclay was issued letters of administration by the Orphans Court of Baltimore City.

| Employer | Employee | Amount |
|----------|----------|--------|
| GM North American Operations<br>  Truck & Bus Group | Francis Barclay | $80,595.65 |
| VTR Services, Inc.<br>  T/A Jackson Hewitt Tax Serv. | Sarah A. Bland Barclay | 3,639.46 |
| Defense Finance and Accounting<br>  Service | Sarah A. Bland Barclay | 432.48 |
| Manpower International, Inc. | Sarah A. Bland Barclay | 1,615.00 |
| Total | | $86,282.59 |

Attached to their 1996 income tax return were three Schedule C forms for three businesses petitioner engaged in, in addition to her part-time employment. These businesses were Barclay's Consulting Services, Barclay's Notary Services, and Barclay's Tax Services. All of these businesses were carried on by petitioner from her residence. Petitioner reported gross receipts from Barclay's Consulting Services of $828 and business expenses of $8,164, resulting in a net loss of $7,336. Petitioner reported $0 gross receipts from Barclay's Notary Service and business expenses of $2,721, resulting in a net loss of $2,721. For Barclay's Tax Services, petitioners reported gross receipts of $7,635 and expenses of $24,568, resulting in a net loss of $16,933.

In a notice of deficiency, respondent determined that petitioner received additional wages of $1,267, which she and Mr. Barclay failed to report on their return. Respondent further determined that they were not entitled to Schedule A itemized

deductions consisting of the following amounts, due to lack of substantiation:

| Deduction | Amount claimed on return | Amount allowed per examination | Disallowed amount |
|---|---|---|---|
| Mortgage interest | $4,032 | $3,709 | [1]$323 |
| Real estate taxes | 1,659 | 1,526 | [1]133 |
| Charitable contributions | 12,500 | 10,694 | 1,806 |
| Unreimbursed employee business expense | [2]16,050 | [2]1,734 | 14,316 |

[1] Petitioners were allowed this amount as a deduction on their Schedule C for office in home. Respondent determined that 8 percent of petitioners' home residence qualifies as a home office.

[2] Before application of the 2-percent limitation.

The following combined Schedule C expense deductions of $25,269 were also disallowed:

| Expense | Amount claimed on return | Amount disallowed |
|---|---|---|
| Advertising | $1,500 | $1,114 |
| Car and truck | 2,790 | 1,519 |
| Insurance | 402 | 402 |
| Office | 9,700 | 9,090 |
| Business use of home | -0- | (455) |
| Supplies | 9,527 | 4,470 |
| Utilities | 9,894 | 8,624 |
| Other | 505 | 505 |
| Total | $34,318 | $25,269 |

Respondent disallowed the above deductions because petitioners failed to show that each claimed deduction was an ordinary and necessary business expense, or because petitioners failed to substantiate payment of each claimed deduction. Respondent also determined that petitioners were liable for an accuracy-related penalty under section 6662.

On November 9, 2000, petitioners filed a motion to dismiss on the ground that the period of limitations for assessment under section 6501 and section 301.6501(a)-1, Proced. & Admin. Regs., had expired. At the call of the trial calendar in Baltimore on November 27, 2001, the Court heard arguments on the motion to dismiss, and, after due consideration, denied petitioners' motion. The case was then set for trial on November 30, 2001.

At trial, and subsequently in brief, petitioner continued to argue that this case should be dismissed for lack of jurisdiction because as citizens of the Maryland Republic petitioners are exempt from the Federal income tax law, that the United States Constitution forbids taxation of compensation received for personal service, and that the Commissioner is without authority to act absent self-assessment and voluntary compliance. Specifically, petitioner argues that all income reported on the Forms W-2, with the exception of income received from Defense Finance and Accounting Service, an agency of the Federal government, does not constitute gross income subject to Federal income tax, and, therefore, petitioners are entitled to a refund.

This Court and Federal courts across the nation have repeatedly rejected the argument that wages do not constitute income and that reporting and paying income taxes is strictly voluntary. Woods v. Commissioner, 91 T.C. 88, 90 (1988). We find petitioners' arguments baseless and wholly without merit.

As petitioners' arguments have been addressed by this and other
courts, we need not exhaustively review and respond to them.
Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

Deductions are a matter of legislative grace, and taxpayers
bear the burden of proving the entitlement to any deduction
claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992);
New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[3]
Section 162(a) allows a deduction for a taxpayer's "ordinary and
necessary" business expenses paid or incurred during the taxable
year.  However, a taxpayer is required to maintain records
sufficient to establish the amount of his or her income and
deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

At trial, petitioner failed to offer any evidence with
regard to the disallowed Schedules A and C deductions.  Her
testimony consisted chiefly of describing the nature of her
business activities during the year.  Petitioners failed to
substantiate any of the disallowed Schedules A and C deductions.
Based on the record, we find no credible basis for allowing any
deduction in excess of amounts previously allowed by respondent.

The last issue for decision is whether petitioners are
liable for an accuracy-related penalty pursuant to section
6662(a) for the year in issue.  Section 6662(a) imposes a penalty

[3]    Respondent does not bear any burden of proof or production
under sec. 7491 because the examination commenced prior to July
22, 1998.

of 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1).  Negligence is the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"  Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299).  It includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  No penalty shall be imposed if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c).

As noted above, we found that petitioners did not substantiate, during the examination or at trial, any of the amounts of disallowed Schedule A itemized deductions and Schedule C business expense deductions.  Petitioner was an income tax return preparer during the year in issue.  As an income tax return preparer, petitioner should have been aware of and understood the substantiation requirements for deductions claimed on the Schedules A and C.

Because petitioners failed to offer any credible explanation for their lack of due care in preparing and filing their 1996

return, they are liable for the negligence penalty under section 6662(a)(1).

At the hearing of petitioners' motion to dismiss and before the trial, the Court admonished petitioner against arguing that wage income was not includable in gross income and therefore not subject to income tax. Petitioner ignored our warning. Section 6673(a)(1) allows this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless; i.e., it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. in part an unreported order of this Court. We believe that a penalty in this case is appropriate. The positions argued by petitioner are frivolous and wholly without merit. Moreover, we rejected petitioner's frivolous arguments when she raised them in her motion to dismiss. Accordingly, we will require petitioners to pay a penalty to the United States in the amount of $1,500 under section 6673(a)(1).

To reflect the foregoing,

An appropriate order imposing the penalty under section 6673(a), and decision will be entered for respondent.