T.C. Memo. 2002-85

UNITED STATES TAX COURT

RANDAL W. HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6546-00.                    Filed April 1, 2002.

Randal W. Howard, pro se.

<u>Erin K. Huss</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax for the taxable
year 1996 in the amount of $4,391, and additions to tax under
sections 6651(a)(1) and 6654 in the amounts of $804 and $164,
respectively.  Unless otherwise indicated, section references are
to the Internal Revenue Code in effect for the year in issue.

After a concession by petitioner,[1] the remaining issues in this case are: (1) Whether $33,339.05 received by petitioner for his labor in 1996 is taxable wage income; (2) whether petitioner is liable for the additions to tax for failure to timely file his 1996 Federal income tax return and for failure to pay estimated tax; and (3) whether a penalty should be awarded to the United States under section 6673.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Tucson, Arizona.

We begin by noting that petitioner has been before this Court on three prior occasions arguing the same issue, namely, amounts reported on petitioner's Form W-2, Wage and Tax Statement, from his employment with the Family Life Broadcasting System (FLBS) is not subject to income tax. See Howard v. Commissioner, T.C. Memo. 2000-222 (involving tax years 1993 through 1995); Howard v. Commissioner, T.C. Memo. 1998-300 (involving tax years 1989, 1990, 1991, and 1993); Howard v. Commissioner, T.C. Memo. 1998-57 (involving tax years 1987 and 1988). In each of petitioner's prior cases before this Court, we

---

[1]   Petitioner conceded that he received interest income of $31 from Arizona Central Credit Union in 1996, and that such interest income is taxable. Of the $31 interest paid, $9 was withheld by Arizona Central Credit Union for Federal income taxes.

have found that petitioner's "labor" income was taxable wage income.  Petitioner's position in the instant case, as presented in his petition and during trial, is essentially unchanged.

During 1996, petitioner was an engineer for a radio station, FLBS, in Tucson, Arizona.  He has been a full-time employee with FLBS since 1994.  Prior to 1994 petitioner was an independent contractor of FLBS.  During the year in issue petitioner received health insurance, paid vacation and sick leave, and other benefits from FLBS.  FLBS provides these benefits only to its employees and not to its independent contractors.  On December 29, 1993, as a requirement of his employment, petitioner signed a Form W-4, Employee's Withholding Allowance Certificate.  On the Form W-4, petitioner claimed nine exemptions.[2]  Petitioner has not signed any other Form W-4 since December 29, 1993.

---

[2]     At trial, the following exchange took place between respondent and petitioner:

    Q:    * * * How many . . . allowances did you claim in -- on
          that W-4 form?
    A:    Nine.
    Q:    Are you married, Mr. Howard?
    A:    No.
    Q:    Do you have nine -- or eight children living with you?
    A:    No.  That's not how that works.
          *    *    *    *    *    *
    Q:    The W-4 they had you sign was in order to withhold
          taxes from you; isn't that true?
    A:    Presumably.
    Q:    And did they --
    A:    Because they believed I needed to.
    Q:    Did they withhold taxes from you in 1996?
    A:    Uh-huh.

FLBS prepared a 1996 Form W-2 for petitioner showing wage income of $33,339.05 and Federal income tax withheld of $1,167.15.  Petitioner did not make any payments to the Internal Revenue Service for the 1996 taxable year other than the withholdings.  Petitioner did not file a Federal income tax return for the 1996 taxable year.

In a notice of deficiency, respondent determined that petitioner received taxable wage income of $33,339.05.  Respondent also determined that petitioner was liable for additions to tax for failure to file a Federal income tax return for the 1996 taxable year and failure to pay the estimated tax liability.

At the close of trial, respondent orally moved to impose sanctions under section 6673.  A written motion was filed on March 22, 2001.

This Court and Federal courts across the nation have repeatedly rejected petitioner's arguments that amounts he received from FLBS do not constitute wage income and that reporting and paying income taxes are strictly voluntary.  Woods v. Commissioner, 91 T.C. 88, 90 (1988); Howard v. Commissioner, T.C. Memo. 2000-222; Howard v. Commissioner, T.C. Memo. 1998-57.  We find petitioner's arguments baseless and wholly without merit.  As petitioner's arguments have been addressed by this and other courts, we need not exhaustively review and respond to them.

Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).  Respondent
is sustained on this issue.[3]

Respondent determined an addition to tax as a result of
petitioner's failure to timely file his tax returns for the tax
year 1996.  Section 6651(a)(1) imposes an addition to tax for
failure to timely file a tax return.  The addition to tax is
equal to 5 percent of the amount of the tax required to be shown
on the return if the failure to file is not for more than 1
month.  Sec. 6651(a)(1).  An additional 5 percent is imposed for
each month or fraction thereof in which the failure to file
continues, to a maximum of 25 percent of the tax.  Id.

The addition is applicable unless petitioner establishes
that his failure to timely file the return was due to reasonable
cause and not willful neglect.  Id.  If petitioner exercised
ordinary business care and prudence and was nonetheless unable to
file his return within the date prescribed by law, then
reasonable cause exists.  Sec. 301.6651-1(c)(1), Proced. & Admin.
Regs.  "Willful neglect" means a "conscious, intentional failure

---

[3]    Because petitioner failed to introduce any credible
evidence, he failed to meet the requirements of sec. 7491(a), as
amended, so as to place the burden of proof on respondent with
respect to any factual issue relevant to ascertaining liability
for the tax deficiency in issue.  As to the additions to tax
under secs. 6651 and 6654, we find that respondent has satisfied
his burden of production under sec. 7491(c) because the record
shows that petitioner's return was never filed and petitioner
underpaid the estimated tax due.  Higbee v. Commissioner, 116
T.C. 438, 442 (2001).

or reckless indifference." <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).

Petitioner's 1996 Federal income tax return was due on April 15, 1997. Petitioner did not file his 1996 Federal income tax return and offered no explanation for his failure to file his return. Petitioner failed to show that he exercised ordinary care and prudence in this case. Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1) as determined in the notice of deficiency.

Respondent also determined that petitioner is liable for an addition to tax pursuant to section 6654 for failure to pay estimated tax. If the payments of tax through withholding or the payment of estimated quarterly tax payments during the course of the year are not equal to the statutorily required amount then imposition of this addition is automatic, unless one of the statutory exceptions applies to the taxpayer. Sec. 6654(e); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980). We have jurisdiction to review this determination because the taxpayer did not file a return for 1996. Sec. 6665(b)(2); <u>Meyer v. Commissioner</u>, 97 T.C. 555, 562 (1991). Petitioner offered no evidence and made no argument on this issue. We conclude that petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654 for 1996. Respondent is sustained on this issue.

We now turn to respondent's motion for damages under section

6673(a)(1). Section 6673(a)(1) allows this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless; i.e., it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986), affg. in part an unreported order of this Court. We believe, and we note that this Court has previously held, that a penalty against petitioner is appropriate. Petitioner has been admonished in two opinions of this Court against "[presenting] to the Court nothing more than tax protester rhetoric and legalistic gibberish, which have absolutely no merit and deserve no further attention from this Court." Howard v. Commissioner, T.C. Memo. 2000-222 (quoting Howard v. Commissioner, T.C. Memo. 1998-57). Likewise, here, the positions argued by petitioner are frivolous and wholly without merit. Accordingly, we shall grant respondent's motion and require petitioner to pay a penalty to the United States in the amount of $7,500 under section 6673(a)(1).

To reflect the foregoing,

> Decision will be entered for respondent and an appropriate order will be entered for the award of the penalty under section 6673.