DOUGLAS WAYNE MEISSNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meissner v. Commissioner
Docket Nos. 9056-92, 6410-93
United States Tax Court
T.C. Memo 1995-191; 1995 Tax Ct. Memo LEXIS 192; 69 T.C.M. (CCH) 2505; April 27, 1995, Filed *192 Decisions will be entered for respondent. Douglas W. Meissner, pro se. [1]
For respondent: Gerald L. Brantley. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes and a penalty as follows: Docket No. 9056-92: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6661(a)
1986
$ 5,616
$ 1,404.03
$ 365.95
[1]
$ 1,404
1987
13,268
2,653.69
1,005.80
[1]
2,339
Docket No. 6410-93: Penalty
Sec.
Year
Deficiency
6662(a)
1989
$ 4,869
--  1990
8,568
$ 1,714
After concessions by petitioner, the issues for decision in these consolidated cases are: (1) Whether petitioner has sufficient basis in Mirage Entertainment, Inc., an S corporation, to deduct a $ 22,939 loss in 1989, and a $ 27,096 loss in 1990. We hold that his basis in Mirage *193 Entertainment, Inc., is $ 1,000; thus, petitioner can deduct only $ 1,000 of the loss attributable to an S corporation in 1989, and none of the 1990 loss. (2) Whether petitioner substantiated a 1983 capital loss carryover attributable to investments in the commodities markets that could be deducted against 1986 capital gains. We hold that he did not substantiate such a loss carryover. (3) Whether petitioner is liable for additions to tax under section 6651(a)(1)[2] due to the untimely filing of his Federal income tax returns for 1986 and 1987. We hold that he is liable for such additions to tax. (4) Whether petitioner is liable for additions to tax due to negligence under section 6653(a)(1)(A) and (B), for 1986 and 1987, and for a penalty due to negligence under section 6662(a) for 1990. We hold that he is liable for such additions to tax and penalty. (5) Whether petitioner is liable for additions to tax due to substantial understatement of his tax liability under section 6661(a) for 1986 and 1987. We hold that he is liable for such additions. *194 FINDINGS OF FACT Throughout the time the petitions herein were filed, petitioner resided in Texas. Petitioner has a high school education. In 1983, petitioner was involved in commodities dealings in regard to copper futures. Because the broker he dealt with was bought out by another brokerage company, and the second company then went bankrupt, none of petitioner's records are currently available from either of the brokerage companies. Petitioner had partial records to show that he purchased at least $ 1,625 in copper futures in January 1983; and to show that he had a beginning ledger balance of $ 20,045.8 (the final figure is illegible), on his February, 1, 1983, brokerage statement. Petitioner also submitted an affidavit from his former broker to show that he had no funds in his brokerage account as of March 31, 1983. Mirage Real Estate, Inc., was incorporated as a C corporation in 1984, when it issued 100 percent of its capital stock to petitioner in exchange for $ 1,000. Petitioner continues to be the sole shareholder and sole officer of the corporation. Petitioner elected for Mirage Real Estate, Inc., to be treated as an S corporation beginning January 1, 1990. Mirage *195 Entertainment, Inc., was incorporated as a C corporation in 1985, when it issued 100 percent of its capital stock to petitioner in exchange for $ 1,000. Petitioner continues to be the sole shareholder and sole officer of the corporation. Petitioner elected for Mirage Entertainment, Inc., to be treated as an S corporation beginning January 1, 1989. The balance in the retained earnings account, as well as the accumulated adjustments account of Mirage Entertainment, Inc., was negative at the end of both 1989 and 1990. The two S corporations each operate a bar at separate locations. The reason petitioner chose to form two separate corporations was to limit his liability in case of a liquor-related accident. At the end of 1986 and 1987, Mirage Entertainment, Inc., owed Mirage Real Estate, Inc., accounts payable of $ 10,012 and $ 22,309.69, respectively. The entities did not formalize this debt with notes. Petitioner filed an extension request to extend the due date for filing his 1986 Federal income tax return until October 15, 1987; he filed the return on November 3, 1988. Petitioner filed an extension request to extend the due date for filing his 1987 Federal income tax return *196 until August 15, 1988; he filed the return on November 21, 1988. OPINION Basis in S Corporation -- Mirage Entertainment, Inc.
Respondent determined that petitioner's basis in the S corporation, Mirage Entertainment, Inc., was $ 1,000. For this reason, respondent determined that petitioner's 1989 loss regarding Mirage Entertainment, Inc., is limited to $ 1,000 and petitioner is allowed no loss for 1990. Petitioner asserts that although he only invested $ 1,000 in the stock of Mirage Entertainment, Inc., he loaned additional funds to the corporation, through another wholly owned corporation, Mirage Real Estate, Inc. Since he was the sole shareholder of both corporations, petitioner asserts the loans from one to the other should be attributed to him, and he should be allowed to deduct the loss. Subchapter S income, losses, and deductions are passed through pro rata to the shareholder. The total amount of pass-through losses and deductions is limited to the sum of the shareholder's adjusted basis in his stock and any indebtedness owed by the corporation to the shareholder. Sec. 1366(d); Hitchins v. Commissioner, 103 T.C. 711 (1994); Keech v. Commissioner, T.C. Memo. 1993-71. *197 A bona fide loan from a shareholder to an S corporation will increase the shareholder's basis. Hitchins v. Commissioner, supra; Keech v. Commissioner, supra.For the debt to be included in the shareholder's basis under section 1366(d)(1)(B), the shareholder must make an actual economic outlay and directly incur the indebtedness. Underwood v. Commissioner, 63 T.C. 468, 476 (1975), affd. 535 F.2d 309 (5th Cir. 1976); Burnstein v. Commissioner, T.C. Memo. 1984-74. A loan from one of a shareholder's wholly owned S or C corporations to a wholly owned S corporation is not included in the shareholder's basis of either corporation. Burnstein v. Commissioner, supra.
Here, petitioner did not loan money to Mirage Entertainment, Inc., and his only investment in the corporation was the $ 1,000 he originally paid for the stock. Petitioner's other wholly owned corporation, Mirage Real Estate, Inc., did loan money to Mirage Entertainment, Inc.; however, that loan does not increase petitioner's basis *198 in Mirage Entertainment, Inc. Petitioner would have us ignore the corporate form in which he has chosen to do business. However, we have consistently held that taxpayers are generally constrained to be taxed in the same form in which they have chosen to operate. While the result may seem harsh to petitioner, we cannot ignore the plain language of the statute and, in effect, rewrite the statute to achieve what would be an equitable result. Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Zadan v. Commissioner, T.C. Memo. 1993-85. We have no jurisdiction to do as petitioner requests. We are not a court of equity. Woods v. Commissioner, 92 T.C. 776, 787 (1989). The Internal Revenue Code, not general equitable principles, is the mainspring of this Court's jurisdiction. Commissioner v. Gooch Milling & Elev. Co., 320 U.S. 418, 422 (1943). For the above reasons, we hold that petitioner's basis in Mirage Entertainment, Inc., is $ 1,000; thus, petitioner's deductible loss for 1989, is limited to *199 $ 1,000, and he is unable to deduct a loss in 1990. 1983 Capital Loss Carryover -- Substantiation
Respondent determined that petitioner did not substantiate his 1983 capital loss and thus is unable to deduct the carryover of that loss against his 1986 capital gain income. Petitioner asks us to accept his testimony regarding his basis and the activity in his commodities account. A taxpayer is required to keep records to establish the deductions to which he or she is entitled. Sec. 6001. If a deduction is carried forward from one year to another, the taxpayer must keep records to substantiate the amount that is carried forward. Sec. 1.6001-1(e), Income Tax Regs.To substantiate a capital loss carryforward, the taxpayer must show: That a loss was incurred; when the loss was incurred; that the taxpayer is entitled to deduct such loss; whether the loss is capital or noncapital, or business or personal; and the amount of capital gain during the intervening years, in order to compute any allowable carryforward. Aazami v. Commissioner, T.C. Memo. 1993-436. Petitioner did not show: That he incurred a loss; when the loss was incurred; that he was *200 eligible to deduct the loss; whether the loss was capital or noncapital, business or personal; and finally, petitioner did not show the amount of capital gain during the intervening years so that allowable carryforward, if any, could be calculated. Petitioner asserted that he had a $ 20,000 loss on transactions regarding copper futures. The brokerage statements he provided did not substantiate that he had such a loss. Additionally, petitioner did not challenge respondent's assertion that copper futures did not fall fast enough from January 1, 1983, to March 31, 1983, to substantiate a $ 20,000 loss during that period. Even though petitioner had evidence of a $ -0- balance in his investment account at March 31, 1983, such a balance could also indicate that he had simply withdrawn his money from the brokerage account. Since petitioner has the burden of proof in this matter, Rule 142(a), we hold that petitioner has not substantiated a 1983 capital loss carryover attributable to investments in the commodities markets that could be carried forward and deducted against his 1986 capital gain income. Additions To Tax -- Failure To File
Respondent determined that petitioner is *201 liable for additions to tax for failure to timely file his 1986 and 1987 Federal income tax returns under section 6651(a)(1). Petitioner asserts he was unaware that the returns were filed late, and that he relied on his tax preparer to tell him when the returns were due. Section 6651(a) imposes an addition to tax for failure to timely file a tax return. The addition is computed as a percentage of the amount required to be shown as tax on the return in question. Sec. 6651(a)(1). The addition to tax does not apply if the failure is due to reasonable cause, and not to willful neglect. Id. Reliance on erroneous advice from a tax preparer does not excuse failure to timely file a tax return; such reliance is not reasonable cause. United States v. Boyle, 469 U.S. 241 (1985). Petitioner has not shown reasonable cause for his failure. Accordingly, respondent's determination with respect to section 6651(a) is sustained. Additions To Tax and Penalty -- Negligence
In her notices of deficiency, respondent determined that petitioner is liable for additions to tax for negligence under section 6653(a)(1)(A) and (B), for 1986 and 1987, and for a *202 penalty for negligence under section 6662(a) for 1990. Petitioner states that he did not intentionally understate his tax liability, and thus should not be subject to the additions to tax and penalty. For 1986 and 1987, section 6653(a)(1)(A) provides that if any part of the underpayment is due to negligence or disregard of the rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence. For 1990, section 6662(a) and (b)(1), imposes a 20-percent penalty on any portion of an underpayment that is attributable to negligence or disregard of the rules or regulations. Negligence under section 6653(a) for 1986 and 1987, and section 6662(a) for 1990, is a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6653(a)(3) for 1986 and 1987; *203 sec. 6662(c) for 1990. Petitioner has the burden of proof to show that the additions to tax and penalty should not be sustained by the Court. Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989). Failing to keep or produce adequate books and records, as required by section 6001, may be justification for imposing the negligence addition to tax. Axelrod v. Commissioner, 56 T.C. 248, 258-259 (1971). Further, failing to file Federal income tax returns is prima facie evidence of negligence. Emmons v. Commissioner, 92 T.C. 342 (1989), affd. 898 F.2d 50 (5th Cir. 1990). In the instant cases, petitioner failed to produce adequate records, both overstated and understated deductions, and omitted substantial amounts of taxable income from his tax return. Additionally, petitioner paid many of his personal expenses through his business bank account. Petitioner's chosen bookkeeping method is subject to a high degree of error, and petitioner did not take adequate precautions to insure that his books and records were accurate and complete. Based on this record, *204 petitioner has failed to demonstrate that he was not negligent. Accordingly, we sustain respondent's determination that petitioner is liable for the additions to tax for negligence pursuant to section 6653(a)(1)(A) and (B), for 1986 and 1987, and for the penalty for negligence pursuant to section 6662(a) for 1990. Additions To Tax -- Substantial Understatement
Respondent determined that petitioner is liable for additions to tax due to substantial understatement of tax for 1986 and 1987, pursuant to section 6661. This section provides that if there is a substantial understatement of income tax, there shall be added to the tax an amount equal to 25 percent [3] of any underpayment attributable to such understatement. Sec. 6661(a). In order to be successful in challenging these additions, the taxpayer must prove that the Commissioner abused her discretion by not waiving some or all of the additions to tax. Mailman v. Commissioner, 91 T.C. 1079 (1988). *205 A substantial understatement of income tax exists in a year if the tax understatement exceeds the greater of $ 5,000 or 10 percent of the amount required to be shown on the return. Sec. 6661(b)(1). An understatement is the difference between the amount required to be shown on the return and the amount actually shown on the return. Sec. 6661(b)(2); Tweeddale v. Commissioner, supra; Woods v. Commissioner, 91 T.C. 88 (1988). The amount of the understatement on which the addition to tax is based will be reduced by that portion of the understatement that is attributable either to (1) a position adopted by the taxpayer for which substantial authority exists, or (2) any item with respect to which the taxpayer has made adequate disclosure of the relevant facts in the tax return or any statement attached thereto. Sec. 6661(b)(2)(B). In the cases at hand, petitioner failed to present any substantial authority for his positions. He did not adequately disclose any facts pertaining to the understated gross income or overstated deductions on any of the tax returns as filed, or on any statements attached to such returns. *206 Therefore, we hold that petitioner is liable for the section 6661 additions to tax. To reflect the foregoing, Decisions will be entered for respondent.
Footnotes
1. Petitioner engaged Robert B. Wallace, Jr., 8 months following the trial, to assist in belated efforts to submit evidence in these cases.↩
1. 50 percent of the interest due on $ 5,616 and $ 9,357, for 1986 and 1987, respectively.↩
2. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. For additions assessed after Oct. 1986, even though the understatement was for a year prior to that date, the rate is 25 percent. See Pallottini v. Commissioner90 T.C. 498↩ (1988).