DEAN B. SMITH AND IRMA SMITH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

JAMES KARR AND NANCY L. KARR, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 48306-86, 309-87.    Filed September 28, 1989.

*Dennis N. Brager* and *Jackson D. Hamilton,* for the petitioners.

*Debra K. Estrem,* for the respondent.

## SUPPLEMENTAL OPINION

COHEN, *Judge:* In *Smith v. Commissioner,* 91 T.C. 733 (1988), we sustained, in part, respondent's disallowance of certain deductions claimed by partnerships in which petitioners were partners. We held that petitioners were liable for additions to income tax under section 6661 and additional interest under section 6621(c). We directed that decisions be entered under Rule 155, Tax Court Rules of Practice and Procedure. The parties now disagree about the correct computation of the additions to tax under section 6661.

Relying on our opinion in *Woods v. Commissioner,* 91 T.C. 88 (1988), petitioners contend that the underpayment subject to the addition to tax under section 6661 must be reduced by the amount of tax withheld from petitioners' wages, even though petitioners filed timely tax returns claiming refunds of taxes withheld and subsequently received such refunds.

Section 6661(a) provides that:

If there is a substantial *understatement* of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any *underpayment* attributable to such understatement. [Emphasis added.]

(In this case, under the prior statutory provision, the addition to tax will be computed at 10 percent. *Smith v. Commissioner, supra* at 767.)

In *Woods v. Commissioner, supra,* respondent urged us to construe "underpayment" to be synonymous with "understatement" in section 6661(a), relying on a regulation, section 1.6661-2(a), Income Tax Regs., that equated the terms. We rejected respondent's argument because it would render superfluous part of the statutory language of section 6661, and it conflicted "with the ordinary and settled meaning of 'underpayment' (i.e., the amount by which the *payment* was insufficient)." *Woods v. Commissioner,* 91 T.C. at 98-99. We also rejected respondent's contention that explicit and limiting definitions of "underpayment" in sections 6653(c)(1) and 6659(g)(1) should be incorporated into section 6661. We concluded, "For these reasons, we hold

that the amount of petitioner's withholding credits must be subtracted from the 'understatement' to arrive at the 'amount of any underpayment' for the calculation of the addition to tax under section 6661." *Woods v. Commissioner,* 91 T.C. at 99.

Petitioners argue that a refund of withholding tax after a return is filed cannot be considered in calculating the amount of an underpayment subject to section 6661(a). They assert:

Like the taxpayer in *Woods,* the Petitioners herein, failed to correctly report the amount of their taxable income. It is that failure to correctly report that resulted in an understatement. However, as a consequence of the fact that the Petitioners' withholding exceeded the tax shown on the return, the amount of the underpayment, i.e., the failure to *pay* all of the tax they owed is limited to the amount by which the understatement exceeds the amounts paid as withholding.

In footnote 17 the *Woods'* Court noted that the meaning of "underpayment" in Code section 6661 conforms to the meaning given that term under Code sections 6654, 6655 and 6656. * * *

Respondent argues:

A careful analysis of the facts of *Woods* reveals that the Court did not intend the case to apply to all withholding, regardless of when and whether it was returned to the taxpayer, but rather, it is to apply only where the taxpayer has made a payment to the government which has not been refunded to him.

\* \* \* \* \* \* \*

The facts in the instant case are quite different. While one can understand the Court's desire to credit a taxpayer for unrefunded withholding which has been retained by the government since the day it was withheld, that is not the situation here. To the contrary, in the instant case, the taxpayers wish to be credited for withholding tax which was refunded to them at the close of the taxable year. These amounts cannot be used to reduce their underpayments for purposes of section 6661. They cannot be considered "withholding credits" under *Woods* and they are clearly not a "payment of money to the United States to satisfy . . . tax liability . . ."

We agree with respondent's conclusion.

Section 6151(a) provides:

SEC. 6151(a). GENERAL RULE.—Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulation, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the

internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return).

In these cases, simultaneously with filing their respective tax returns for the years in issue, petitioners applied for refunds of taxes previously withheld, thereby preventing application of those amounts to their actual tax liability for the year in issue. Under section 31(a)(1), the amounts previously withheld are allowed to the recipient of the income as a "credit" against income tax. The refund of those credits, however, as occurred in these cases, prevents reasonable characterization of the credits as "payment" of the tax for the year in issue for purposes of section 6151.

In *Woods,* we stated:

Generally, to glean the meaning of the words used by Congress in a statute, we first look to the ordinary or settled meaning of the words used to convey its intent. *Lynch v. Alworth-Stephens Co.,* 267 U.S. 364, 370 (1925); *Mountain Water Co. of La Crescenta v. Commissioner,* 35 T.C. 418, 424 (1960). In so doing, we find that "pay" means to satisfy a demand or obligation by "transfer of money" and the term "underpayment" means "insufficient payment." [Fn. ref. omitted.] As applied to this case, petitioner made *payment* of his *money* to the United States to satisfy his tax liability through payroll deductions. Petitioner's "underpayment" occurred only because he *paid* less than he was supposed to pay; that is, his *payment was insufficient.* [Fn. ref. omitted.] Petitioner's "underpayment" was not caused by his failure to *report* his income on an income tax return as respondent would have us hold, but rather by his failure to *pay* all of the tax that he owed. A reporting error is taken into account only in computing the "understatement" under section 6661. Therefore, the plain reading of the statute clearly means that the 25-percent rate is applied only to the unpaid amount rather than to the entire understatement.[18]

---

[18]Wage earners who file proper W-4 Forms frequently overpay their tax by their withholding, yet many fail to file income tax returns to claim rightful refunds. See Hearings on S. 2198 before the Subcomm. on Oversight of the Internal Revenue Service of the Senate Comm. on Finance, 97th Cong., 2d Sess. 99 (1982). Respondent's interpretation would subject these wage earners to an addition to tax equal to 25 percent of their entire tax even though it all had been paid. We believe Congress did not intend this result when it enacted sec. 6661. See 111 Cong. Rec. S 8791, 8811 (1982) (Remarks by Senator Grassley, cosponsor of S. 2198 Taxpayer Compliance Improvement Act of 1982). See also the minimum addition for extended failure to file a return in sec. 6651(a) that

was enacted concurrently with sec. 6661. [*Woods v. Commissioner,* 91 T.C. at 97.]

In contrast to the situation in *Woods,* petitioners' underpayment occurred because they made claim for refund of the previously withheld taxes and respondent honored that claim. Here, deducting only credits for the amount of withholding that was applied to payment is consistent with legislative intent and with our statement in *Woods* that " 'pay' means to satisfy a demand or obligation by 'transfer of money'." This is also the reasonable and fair result.

Respondent notes that in some circumstances a refund may be claimed on a timely filed return but not made to the taxpayer. We express no opinion on the result that would be reached if refunds had not been made.

We are unpersuaded by petitioners' reference to footnote 17 in *Woods* and to sections 6654, 6655, and 6656. Those sections deal with sanctions for failure to make timely deposits of income taxes. By withholding, petitioners deposited tax in a timely manner. At the time of filing their returns, however, they understated their tax and underpaid the amounts that we have determined to be due. It is the latter type of conduct that section 6661 was intended to remedy, and nothing in that statute or any other requires us to reach an anomalous result here.

*Decisions will be entered in accordance with respondent's computations.*