ESTATE OF DONALD E. KETTLEBERG, DECEASED, NORMAN L. LINDSTEDT, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; HAROLD AND GAIL WITHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Kettleberg v. Commissioner
Docket Nos. 1152-88, 1673-88
United States Tax Court
T.C. Memo 1995-331; 1995 Tax Ct. Memo LEXIS 332; 70 T.C.M. (CCH) 150; T.C.M. (RIA) 95331; July 25, 1995, Filed *332 Appropriate orders and decisions will be entered granting respondent's motion for summary judgment and denying petitioners' motion for summary judgment. Dennis N. Brager and Jackson D. Hamilton, for petitioners. Debra K. Estrem, for respondent. COHEN
COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Docket No. 1152-88
Additions to Tax Sec Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
1981
$ 23,865
$ 1,193
50% of the  $ 7,159
interest due
on $ 23,865  1982
19,933
997
50% of the  5,980
interest due
on $ 19,933  Docket No. 1673-88
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651
6653(a)(1)
6653(a)(2)
6659
1981
$ 11,255
$   459
$ 563
Amount to be
$ 3,377
determined  1982
12,693
1,447
683
Amount to be
3,808
determined  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. The parties have now stipulated that petitioners are not liable for the additions to tax under sections 6653(a)(1), 6653(a)(2), *333 or 6659. They have also stipulated that petitioners are liable for additional interest under section 6621(c) on any underpayment for 1981 and 1982 and that any underpayment for those years is a substantial underpayment attributable to tax-motivated transactions. In addition, they have stipulated to the amounts of the deficiencies due from petitioners. The only issue for decision is whether petitioners are entitled to partnership losses arising from the partnership known as Peat Oil & Gas Associates (POGA). The parties have incorporated the entire record of the proceedings in the cases of Smith/Karr v. Commissioner, 91 T.C. 733 (1988), supplemented by 93 T.C. 378 (1989), affd. sub nom. Karr v. Commissioner, 924 F.2d 1018 (11th Cir. 1991), revd. 937 F.2d 1089 (6th Cir. 1991), and have filed cross-motions for summary judgment in order to facilitate an appeal to the Court of Appeals for the Ninth Circuit. They have stipulated to the amounts of the deficiencies if the Court finds that none of the POGA losses attributable to the Koppelman Process Activity are deductible by *334 petitioners. Background
The findings of fact in our prior opinion, 91 T.C. at 734-754, are hereby reaffirmed and incorporated in haec verba. They were attached as an appendix to our opinion in Peat Oil & Gas Associates v. Commissioner, 100 T.C. 271 (1993), affd. sub nom. Ferguson v. Commissioner, 29 F.3d 98 (2d Cir. 1994), which will be attached to our decisions in these cases. At the time the petition in docket No. 1152-88 was filed, petitioner Carolynn C. Brune, personal representative of the Estate of Donald E. Kettleberg, deceased, resided in the State of Oregon. The successor personal representative, Norman L. Lindstedt, also resides in the State of Oregon. At the time the petition in docket No. 1673-88 was filed, petitioners Harold and Gail Witham resided in the State of Hawaii. Donald E. Kettleberg (Kettleberg) and Harold and Gail Witham (the Withams) became limited partners of POGA in December 1981. Prior to becoming partners in POGA, Kettleberg and the Withams received a copy of the Confidential Offering Memorandum of the Partnership. Kettleberg and the Withams executed documents *335 in relation to POGA that were substantially identical to those executed by the taxpayers in Smith/Karr v. Commissioner, 91 T.C. at 748-750. The Koppelman Process Activity of POGA lacked economic substance, and POGA did not engage in that activity for the purpose of, or with an actual and honest objective of, making a profit. In addition to the activities of POGA regarding the Koppelman Process Activity, POGA was in the business of drilling oil and gas wells in Ohio and Tennessee during 1982 through at least 1992. Petitioners are entitled to deduct, in 1982, the portion of the POGA adjustment directly relating to the oil and gas business of POGA. The distributive shares of losses attributable to POGA claimed on petitioners' tax returns for 1981 and the correct deficiencies after allowance for deductions relating to the oil and gas business are as follows: Petitioner
Year
Loss Claimed
Deficiency
Kettleberg
1981
$ 40,382
$ 23,865
Kettleberg
1982
39,185
18,799
The Withams
1981
40,391
11,255
The Withams
1982
39,328
11,518
The Withams are liable for the addition to tax under section 6651(a)(1) for 1982 in the amount of $ 1,212, *336 but they are not liable for that addition to tax for 1981. Discussion
Respondent's motion for summary judgment relies on our opinions in Peat Oil & Gas Associates v. Commissioner, supra, and Smith/Karr v. Commissioner, supra. Petitioners request that we again reconsider those decisions. They make no new arguments but incorporate by reference the briefs filed in those cases. In Peat Oil & Gas Associates v. Commissioner, supra, we reconsidered our opinion in Smith/Karr v. Commissioner, supra, in light of the opinion of the Court of Appeals for the Sixth Circuit in Smith v. Commissioner, 937 F.2d 1089 (6th Cir. 1991). Although the members of this Court did not agree on the test to be applied, all agreed that the deductions in dispute should be disallowed. The Court of Appeals for the Second Circuit affirmed our conclusion that the partnerships' Koppelman Process Activities lacked economic substance and must be disregarded for tax purposes, agreeing with the Court of Appeals for the Eleventh Circuit in Karr v. Commissioner, 924 F.2d at 1024-1025. *337 The Court of Appeals for the Second Circuit thus found it unnecessary to resolve the parties' dispute as to whether section 162 requires that the taxpayer's profit motive be primary or dominant or whether it may be only one of several objectives. Ferguson v. Commissioner, 29 F.3d at 102. In Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. Dister v. Commissioner, T.C. Memo. 1987-217, the Court of Appeals for the Ninth Circuit commented about being "glutted with tests", stating: "Many such tests proliferate because they give the comforting illusion of consistency and precision. They often obscure rather than clarify." We cannot predict, therefore, whether the Ninth Circuit will apply a particular test in this instance. See, e.g., Hillendahl v. Commissioner, 976 F.2d 737 (9th Cir. 1992), affg. without published opinion Noonan v. Commissioner, T.C. Memo. 1986-449; Sochin v. Commissioner, 843 F.2d 351 (9th Cir. 1988), affg. Brown v. Commissioner, 85 T.C. 968 (1985); *338 Independent Elec. Supply Inc. v. Commissioner, 781 F.2d 724, 726-728 (9th Cir. 1986), affg. Lahr v. Commissioner, T.C. Memo. 1984-472. We see no reason for this Court to reconsider again our own approach in order to present this dispute to the Ninth Circuit. To reflect the foregoing, Appropriate orders and decisions will be entered granting respondent's motion for summary judgment and denying petitioners' motion for summary judgment.