SAM BERNARD AND MINA BERNARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bernard v. Commissioner
Docket Nos. 1521-88, 1167-90
United States Tax Court
T.C. Memo 1995-332; 1995 Tax Ct. Memo LEXIS 333; 70 T.C.M. (CCH) 152; July 25, 1995, Filed *333 Sam Bernard, pro se in docket No. 1521-88. Jackson D. Hamilton and Dennis N. Brager, for petitioner Sam Bernard in docket No. 1167-90. Mark T. Fung, for petitioner Mina Bernard. Debra K. Estrem and Mary Ann Amodeo, for respondent. COHEN
COHEN
MEMORANDUM OPINION COHEN, Judge: These cases are before the Court on respondent's Motions for Entry of Decision and on the motions of petitioner Mina Bernard (Ms. Bernard) for leave to file amended petitions alleging innocent spouse status under section 6013(e). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The primary substantive issue in these cases relates to petitioners' claimed 1981 and 1982 distributive share of losses from a partnership known as Syn-Fuel Associates (Syn-Fuel), a companion program to Peat Oil & Gas Associates (POGA). The Syn-Fuel and POGA programs have been the subject of extensive litigation in this Court and several Courts of Appeals. This Court and the Courts of Appeals for the Eleventh and Second Circuits have concluded that the partnerships' synthetic fuel activities were without *334 economic substance. The Court of Appeals for the Sixth Circuit held otherwise. See Smith v. Commissioner, 91 T.C. 733 (1988), supplemented by 93 T.C. 378 (1989), revd. 937 F.2d 1089 (6th Cir. 1991), affd. sub nom. Karr v. Commissioner, 924 F.2d 1018 (11th Cir. 1991); Peat Oil & Gas Associates v. Commissioner, 100 T.C. 271 (1993), affd. sub nom. Ferguson v. Commissioner, 29 F.3d 98 (2d Cir. 1994). Petitioners resided in New York at the time that the petitions were filed in these cases on January 25, 1988, and January 16, 1990, respectively. The result for them, therefore, depends on the holding of the Court of Appeals for the Second Circuit. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Thus, action in these cases was held in abeyance pending the decision in Ferguson v. Commissioner, supra, which was filed July 13, 1994. On October 24, 1994, the Court issued an Order to Show *335 Cause in all remaining POGA cases, directing that the parties submit to the Court either computations for decision and a proposed decision, reflecting the Court's resolution of the POGA issues and the resolutions by the parties of other issues, or trial memoranda. On February 6, 1995, Jackson D. Hamilton and Dennis N. Brager moved to withdraw as counsel as to Ms. Bernard, citing a conflict of interest arising from the anticipated claim that she is an innocent spouse. This motion was subsequently granted. On February 8, 1995, respondent filed Motions for Entry of Decision. On February 28, 1995, petitioner Sam Bernard (Mr. Bernard) filed a response to respondent's Motions for Entry of Decision in which he stated that he had no objection to the granting of the motion to enter decision as it relates to him. The Motions for Entry of Decision as to Ms. Bernard were calendared for hearing on April 3, 1995. At the hearing, new counsel entered an appearance for Ms. Bernard. He indicated that she opposed the motion for entry of decision because she wished to allege innocent spouse status. Counsel was instructed to file a motion to amend each petition, together with an offer of proof. On May *336 8, 1995, Ms. Bernard's Motions for Leave to File an Amended Petition, attaching her offers of proof, were filed. Respondent objects to the motions for leave to amend on the ground that the attempt to raise the issue of innocent spouse more than 7 years after the original petition was filed in one case and 5 years after the petition was filed in another, and 14 and 13 years, respectively, after the transactions in issue took place, precludes determination of facts underlying the proposed new issue. Respondent relies on Russo v. Commissioner, 98 T.C. 28, 31 (1992), in which the Court denied a taxpayer's motion for leave to file an amendment to the petition to raise an innocent spouse defense. The Court there concluded that such a belated amendment would be inconsistent with justice. Rule 41(a). See also Lebow v. Commissioner, T.C. Memo. 1995-333, filed this date; Estate of Allison v. Commissioner, T.C. Memo. 1994-304. Although we agree with respondent, we are reluctant to rest our decisions in these cases solely on the belatedness of the claim. See Wilson v. Commissioner, 500 F.2d 645 (2d Cir. 1974), *337 revg. T.C. Memo. 1993-92; Wilson v. Commissioner, T.C. Memo. 1976-285. Prior counsel of record for Ms. Bernard and others have consistently pursued the claim that petitioners were entitled to deduct distributive losses arising out of the investments that they made in 1981. See Ferguson v. Commissioner, supra; Smith v. Commissioner, supra; Estate of Kettleberg v. Commissioner, T.C. Memo. 1995-331, filed this date. Section 6013(e), however, requires, among other things, that, with respect to disallowed deductions, the spouse claiming relief show that the underpayment of tax is attributable to "grossly erroneous items." In Friedman v. Commissioner, 53 F.3d 523, 529 (2d Cir. 1995), affg. in part, revg. in part, and remanding T.C. Memo. 1993-549, the Court of Appeals for the Second Circuit stated: The Internal Revenue Code defines a "grossly erroneous" deduction as one "for which there is no basis in fact or law." I.R.C. sec. 6013(e)(2). In other words, the claim may be *338 said to be "frivolous," "groundless," "fraudulent," or "phony." Bokum v. Commissioner, 992 F.2d 1136, 1142 (11th Cir. 1993) (quoting Stevens [v. Commissioner], 872 F.2d [1499] at 1504 n.6 [11th Cir. 1989]); see also Shenker v. Commissioner, 804 F.2d 109, 114 (8th Cir. 1986), cert. denied, 481 U.S. 1068 (1987); Flynn v. Commissioner, 93 T.C. 355, 364 (1989). The grossly erroneous requirement prevents an innocent spouse defense from applying to every disallowed claim simply because it has been disallowed. Cf. Bokum, 992 F.2d at 1142. Whether a claim is grossly erroneous must be evaluated as of the time of filing of the tax return, see Feldman v. Commissioner, 20 F.3d 1128, 1135 n.4 (11th Cir. 1994) (citing Purcell [v. Commissioner], 826 F.2d [470] at 475 [6th Cir. 1987]); see also Bokum, 992 F.2d at 1142, which is consonant with the statutory purpose, since "innocence" is determined from a taxpayer's state of *339 mind at the time of signing. Hence, if the claimed deduction had some basis in fact or law when it was made, so that a fully-informed spouse would likely have signed the return, granting innocent spouse status is probably inappropriate. Applying the innocent spouse defense in such circumstances would not protect one spouse from the overreaching or dishonesty of the other. See Purcell, 826 F.2d at 475.
See also United States v. Shanbaum, 10 F.3d 305, 315 (5th Cir. 1994). Responsible counsel representing both parties could not simultaneously claim, on behalf of the husband, that the deductions relating to Syn-Fuel had merit and claim, on behalf of the wife, that the same deductions were grossly erroneous. Thus, they properly withdrew in these cases when they learned that Ms. Bernard intended to claim innocent spouse status. See Rules 24(f), 33(b). In Ferguson v. Commissioner, supra, the Court of Appeals for the Second Circuit agreed with the Court of Appeals for the Eleventh Circuit in Karr v. Commissioner, supra, and with this Court in concluding *340 that the synthetic fuel activities of POGA and Syn-Fuel lacked economic substance and did not support any deductions. Nonetheless, the Court of Appeals for the Sixth Circuit in Smith v. Commissioner, supra, ruled in favor of the taxpayers. Some taxpayers continue to litigate the validity of the disallowed deductions. See Estate of Kettleberg v. Commissioner, supra, filed this date. Meanwhile, respondent has not disputed deductions arising from the oil and gas activities of the partnerships. See Peat Oil & Gas Associates v. Commissioner, 100 T.C. at 272; Lebow v. Commissioner, supra, filed this date. In Ms. Bernard's motions and offers of proof, she omits entirely any reference to her burden of proving that the deductions in issue are grossly erroneous. She relies primarily on Mr. Bernard's agreement to pay taxes arising out of the disallowed deductions -- a matter that does not affect the result in these cases. See, e.g., Pesch v. Commissioner, 78 T.C. 100, 128-129 (1982). She also refers to Mr. Bernard's incarceration *341 on various unrelated Federal criminal convictions. Finally, she sets forth various other allegations that it would be inequitable to hold her liable for the underpayments in these cases. Mr. Bernard has filed an affidavit in which he agrees that Ms. Bernard should be relieved of liability but disputes the factual allegations made by her about his prior conduct. Nothing in the moving papers suggests that Ms. Bernard could satisfy her obligation of showing that the deductions are grossly erroneous. The Court of Appeals stated in Friedman v. Commissioner, supra at 529: "Whether a claim is grossly erroneous must be evaluated as of the time of filing of the tax return". In Bokum v. Commissioner, 992 F.2d 1136, 1142 (11th Cir. 1993), affg. T.C. Memo. 1990-21, cited in Friedman, the Court of Appeals agreed with us that the Tax Court's earlier decision in favor of a taxpayer with respect to a particular tax shelter deduction militated against a finding that the deduction was grossly erroneous, even though the Tax Court's decision was later reversed. Here, the Court of Appeals for the Sixth Circuit, *342 in Smith v. Commissioner, supra, held that the deductions in issue were proper. Under these circumstances, where a court has held that the deductions are proper, even if we disagree, Ms. Bernard has failed to establish that those deductions are grossly erroneous. Rule 41(a) provides in part that leave of Court to amend a pleading "shall be given freely when justice so requires." We do not believe that justice requires leave in these cases. See Russo v. Commissioner, supra. Considering the delay in raising the claim until after the Court of Appeals for the Second Circuit had decided substantive issues against the taxpayers and that Ms. Bernard cannot establish a required element of her claim, the motions for leave to amend will be denied. Respondent's Motions for Entry of Decision will be granted. Appropriate orders and decisions will be entered.